UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRUCE L. DAVIS,

    Petitioner,

v.                                                Case No. 2:25-cv-256-JLB-NPM

SHERIFF, LEE COUNTY JAIL,

    Respondent.
_____/

## ORDER OF DISMISSAL

This cause is before the Court on Petitioner Bruce L. Davis's *pro se* petition for writ of habeas corpus. (Doc. 1.) When he filed this petition, Petitioner was being held at the Lee County Jail awaiting sentencing on his convictions for attempted burglary of a dwelling and criminal mischief. (Id. at 1.)[1]

The Court now screens the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 requires a district court to dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Because Petitioner has not yet exhausted his claims in state court, the Court is barred from considering the merits of this petition, and it must be dismissed.

---

[1] On November 15, 2024, a jury found Petitioner guilty of both charges in case number 24-CF-014819 from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. See Lee County Clerk of Court website: https://matrix.leeclerk.org/ (search: Davis, Bruce) (documents in the state case are cited as State Case ___). Subsequent to his March 25, 2025 sentencing, Petitioner was moved to the custody of the Florida Department of Corrections. See https://pubapps.fdc.myflorida.com/OffenderSearch/search.aspx (search: Davis, Bruce).

## Discussion

Petitioner asserts that his conviction violates the United States Constitution because: (1) he did not fit the description of the perpetrator; (2) police framed him by placing his (Petitioner's) property at the crime scene; (3) the state and his own counsel withheld exculpatory evidence at trial; and (4) his arrest was without probable cause (construed) since he did not fit the perpetrator's description. (Doc. 1 at 6–7.)

Under 28 U.S.C. § 2241, a prisoner may file a petition for writ of habeas corpus in a federal district court if his detention "violate[s] the Constitution or the laws or treaties of the United States." Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003); 28 U.S.C. § 2241(c)(3). Although Petitioner styled his petition as brought under section 2241, the rules for 28 U.S.C. § 2254—a subset of 2241 applicable to prisoners in custody pursuant to a judgment of a state court—govern this petition. Medberry, 351 F.3d at 1062 ("[I]f a state prisoner is in custody pursuant to the judgment of a State court, his petition is subject to § 2254." (internal quotation marks omitted)). Under either federal habeas provision (28 U.S.C. § 2241 or 28 U.S.C. § 2254), the district court is foreclosed from granting a habeas petition if the petitioner did not exhaust all remedies available to him in state court before filing the federal petition. 28 U.S.C. § 2254(b)(1)(A). To "ensure that state courts have the first opportunity to hear all claims, federal courts [require] 'a state prisoner to present the state courts with the same claim he urges upon the federal courts.'" McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). In addition, the

2

petitioner must take the claim "to the state's highest court, either on direct appeal or on collateral review." Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010).

Petitioner asserts that he appealed his conviction to the Sixth District Court of Appeal (Sixth DCA) in case number 6D2024-2517. (Doc. 1 at 3.) A review of Petitioner's state case shows that he filed a *pro se* notice of appeal on November 25, 2024—ten days after his guilty verdict, but before sentencing. (State Case 93.) However, because Petitioner is represented by counsel, the Sixth DCA directed counsel to inform the Court whether he adopts Petitioner's claims. (State Case 95.) Thereafter, on December 16, 2024, the Sixth DCA dismissed the appeal without ruling on its merits. (State Case 103.) Thus, the claims raised here remain unexhausted and must be dismissed without prejudice under Rule 4 of the Rules Governing Habeas Corpus Cases. See Gore v. Crews, 720 F.3d 811, 815 (11th Cir. 2013) ("If a petitioner fails to exhaust his state remedies, a district court must dismiss the petition without prejudice to allow for such exhaustion.").

Accordingly, it is now **ORDERED**:

1. This case is **DISMISSED without prejudice** under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 as unexhausted.

2. Petitioner is **DENIED** a certificate of appealability.[2]

---

[2] **Certificate of Appealability**. When, as here, the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show that jurists of reason would find it debatable whether: (1) "the district court was correct in its procedural ruling"; and (2) the petition "states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has not made this showing and is

3. The **Clerk of Court** is directed to terminate any pending motions as moot, close this file, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on April 8, 2025.

*John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:   Bruce L. Davis

---

denied a certificate of appealability.

4